MILTON FISCHER, Appellant, v. WILLIAM GREEN, Respondent.—

Concur — Stevens, P. J., Markewich and Steuer, JJ.; McGivern, J., dissents in the following memorandum: I would reverse and accord the plaintiff judgment requiring the defendant to account for 2,500 shares of Newark Electronics, Inc., now by reorganization 2,500 shares of $.90 convertible preferred of Premier Industrial Corporation. The agreement of September 14, 1961 between these former 50% owners of Electronics Center, Inc., provided that plaintiff was to share any option defendant received in respect of a purchase offer of Newark stock. Plaintiff had the right " to exercise said option to the extent of one-half under and pursuant to the terms of said option agreement ". If not technically feasible because of a possibility respondent might not be permitted to transfer the option, the defendant was to act as trustee for the plaintiff's benefit with respect to one half of such stock so acquired. No illegality may be found in such an arrangement. The underlying conditions have come to pass. Upon notice that defendant ·had been granted a stock option, plaintiff notified defendant of his intention to participate in accordance with their stated agreement of September 14, 1961. And plaintiff explicitly offered to forward any payment of his exercised option. In my view, the defendant having exercised the option to buy Newark, within

the purview of the basic inter-party agreement, both by this agreement, and in equity, defendant became a trustee for the plaintiff as to one half of the 5,000 shares constituting the stock option dated July 8, 1964, accepted in writing by defendant on July 31, 1964, and subsequently exercised by him on April 6, 1966.